Wanamaker, J.
As to the first question— Was there a way of necessity? — the evidence, as disclosed by the record, is unmistakably in favor of this holding, but were there doubt about it we would feel bound by the finding made by the court of appeals, for this is, at most, a mixed question of fact and law.
Upon the second question, as to whether or not the original way of necessity used by Stetson in 1859, for agricultural purposes, we hold that the use of the easement may enlarge to meet the use of the lands. Otherwise the easement, instead of being an advantage and benefit to the lands, would become a bond and a burden upon the lands.
The policy of the law as to easements should be one that encourages the growth and development of lands. If Stetson enjoyed this easement for the benefit of his entire farm south of the track, the same easement would be available if Stetson should divide up the farm into five-acre parcels for gardening and truck farming and sell each parcel to a different person, and if the development of these lands brought them within or near to a municipal corporation and resulted in their *100 being platted and divided into building lots, Stetson’s easement by way of necessity would pass to each separate lot owner.
The third and last question of the case is: “Is such easement after all subject to the statutory policy of this state as to the abolishment of grade crossings ?”
As already indicated, Stetson’s right to this easement attached in 1859, a half century before the statutes were enacted providing for the abolition of grade crossings, and certainly no one would claim that the statutes are retroactive. But more than that, counsel seem to have confused the rights of Stetson and his successors in title to a private crossing with the public crossing regulated by statute. Section 8895, General Code, uses this language: “All crossings, hereafter constructed, whether of highways by railroads, or of railroads by highways, shall be above or below the grade thereof.” It is quite manifest that this applies only to public highways and cannot, by any possible construction, be made to include private ways, especially private ways of necessity.
We do not regard the questions with reference to cuts and fences as important to this case, and the judgment of the court of appeals is affirmed.

Judgment affirmed.

Nici-iols, C. J., Johnson, Jones and Matthias, JJ-, concur.